# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 12cr3890 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) |
| v. | |
| GEORGE GARCIA, | |
| Defendant. | |

In an opposed motion, Defendant George Garcia ("Defendant") moves to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2). For the reasons set forth below, the court denies the motion for reduction of sentence.

**BACKGROUND**

On November 27, 2012, Defendant pleaded guilty to a one count Information charging him with importation of 8.24 kilograms of methamphetamine into the United States from Mexico. In the plea agreement, the parties agreed to a base offense level 38, plus 2-levels for importation of methamphetamine, minus 2-levels for safety valve, minus 3-levels for acceptance of responsibility, and minus 4-levels for fast track departure.

The Presentence Report ("PSR") identified a Base Offense Level of 36. The probation officer who drafted the PSR also indicated that he had yet to receive the DEA laboratory analysis identifying the purity level of the methamphetamine. Consequently,

the probation officer recommended the Base Offense Level 36.

On February 28, 2013, the court sentenced Defendant to 97 months in custody. Before consideration of any defense request for departure, the court stated:

> Starting with the advisory guidelines, the base offense level is a 38. It is increased by two levels because of the importation of methamphetamine in this case. There would be a two-level reduction for safety valve, a three-level downward adjustment for acceptance of responsibility, and a four-level departure under 5K3.1. Before consideration of any requests of the defense, the total offense level would be a 31, the criminal history score is a zero, which is a category I, and the advisory guideline range would be 108 to 135 months.

(R.T. 14:3-13). The Base Offense Level of 38 was based on the then existing Guidelines for 1.5 kilograms of actual methamphetamine. At the time of the sentencing hearing, the parties had received the DEA lab report showing that the methamphetamine weighed 8.032 kilograms with 98.8% purity, making the substance 7.935 kilograms of actual methamphetamine. (R.T. 3:9-23). Ultimately, the court granted a one-level departure for a combination of circumstances, reducing the advisory guideline range to 97 to 121 months.

## DISCUSSION

**Legal Standard**

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, one exception to the general rule permits the district court to modify an imposed sentence where the sentencing guideline range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. §3582(c)(2). Section 3582(c)(2) requires a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826 (2010). First, the district court must determine that a modification is consistent with applicable policy statements issued by the Sentencing Commission, namely U.S.S.G. § 1B1.10. Then, and only then, does the district court go on to the second step of considering the factors set forth in 18 U.S.C. § 3553(a) and deciding in its discretion whether the authorized reduction is warranted. Id. at 827.

Amendment 782 to the United States Sentencing Guidelines revised the

guidelines applicable to drug-trafficking offenses by reducing the Base Offense Level by two levels for most drug offenses listed in the Drug Quantities Tables at U.S.S.G. §§ 2D1.1 and 2D1.11. See U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014); see also U.S.S.G. § 1B1.10(d), (e)(1) (making Amendment 782 apply retroactively to previously-sentenced defendants). When determining whether a reduction is warranted, the district court must determine what the defendant's advisory guideline range would be under the amendment. In doing so, the district court "shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). Eligibility for a § 3582(c)(2) reduction is triggered only if an amendment lowers the "applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance )." Id. cmt. n.1(A) (second emphasis added).

The court is not authorized to reduce a defendant's term of imprisonment if an amendment does not have the effect of lowering the defendant's applicable guideline range. Id. § 1B1.10(a)(2)(B), cmt. n. 1(A). The court also cannot reduce the defendant's sentence lower than the low end of the amended guideline range. Id. cmt. n.3. The only exception is if the defendant received a downward departure based on substantial assistance to the government, in which case the court may reduce the defendant's sentence below the low end of the amended guideline range by a comparable percentage. Id.

**Application of Amendment 782**

At the time of the original sentencing, the court applied a Base Offense Level of 38, using the then applicable version of the §2D1.1 Drug Quantity Table, based upon the drug quantity of more than 1.5 kilograms of actual methamphetamine, and then adjusting the offense level as identified above to reach an adjusted offense level of 30.

| | |
|---|---|
| 1 | As set forth in the DEA lab report and, as discussed at the time of sentencing, the total amount of actual methamphetamine at issue was 7.935 kilograms. (R.T. 3:3-23). Amendment 782 did lower the Base Offense Level for amounts of actual methamphetamine of at least 1.5 kilograms, but less than 4.5 kilograms of methamphetamine. For amounts of actual methamphetamine of 4.5 kilograms or more, the Base Offense Level remains at 38. U.S.S.G. §2D1.1. As the guideline range has not been reduced for drug quantities of 4.5 kilograms or more of actual methamphetamine, Defendant is not entitled to a further reduction in his sentence. Accordingly, the court concludes that a reduction under 18 U.S.C. §3582(c)(2) and USSG §1B1.10 is not warranted. |

In sum, the motion for reduction of sentence pursuant to Amendment 782 is denied.

**IT IS SO ORDERED.**

DATED: May 17, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:  All parties